UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE TO PROTECT OUR AGRICULTURAL WATER; MIKE HOPKINS, an individual; JOHN WEDEL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OCCIDENTAL OIL AND GAS CORPORATION, a Texas corporation; WESTERN STATES PETROLEUM ASSOCIATION (WSPA), a non-profit trade association; CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION (CIPA) a non-profit trade association; CHEVRON U.S.A. INC., a Pennsylvania corporation; CALIFORNIA DIVISION OF OIL, GAS & GEOTHERMAL RESOURCES (DOGGR); EDMUND G. BROWN, an individual; TIMOTHY R. KUSTIC, an individual; MARK NECHODOM, an individual; LORELEI H. OVIATT, an individual; CALIFORNIA RESOURCES CORPORATION (DOE 1), a Delaware corporation; and DOES 2 through 100,<br><br>Defendants. | No. 1:15-cv-01323-GEB-JLT<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION** |

This action was transferred from the Central District of California on August 31, 2015. (See Order Re: Motion to Transfer Venue, ECF No. 95.) At that time, multiple fully-briefed

1

dismissal motions were scheduled for hearing on September 10, 2015. The transfer order vacated the September 10, 2015, hearing scheduled on each dismissal motion and instructed the parties to "re-file and/or re-notice" the motions in this Court "pursuant to the Eastern District's Local Rules and/or the [undersigned judge's] instructions." (Id. at 20:1-3.) The moving defendants subsequently re-noticed their dismissal motions for hearing on October 19, 2015. (See ECF Nos. 109, 110, 112-115.)

On September 28, 2015, Plaintiffs filed an ex parte application, essentially seeking to continue the hearing date on the re-noticed dismissal motions until a time after which the Court could consider "whether to grant Plaintiffs leave to file a Second Amended Complaint." In the alternative, Plaintiffs request a two week "extension of time under Local Rule 144 to respond to Defendants' re-noticed Motions to Dismiss." (Pls.' Ex Parte Appl. 1:5-13, ECF No. 116.) Plaintiffs state:

> On September 22, 2015, Plaintiffs[] sent a letter to Defendants, . . . seeking Defendants' agreement to stipulate to a request for leave to amend and included a copy of the proposed Second Amended Complaint.
>
> On September 24, 2015, Mitchell Rishe wrote that the State Defendants refused to stipulate to the filing of the SAC, stating that Plaintiffs' SAC includes "confidential attorney-client privileged information." . . .
>
> . . . .
>
> Plaintiffs' counsel . . . then sought guidance from ethics counsel who could not understand the basis for the alleged assertion of privilege by the State Defendants. He further sought clarification [from] the State Defendants – that request went unanswered.

2

> . . . .
>
> . . . Plaintiffs thus file this ex parte application with a redacted copy of the Second Amended Complaint. . . . seek[ing] leave to either file the Second Amended Complaint (with or without the redacted information as determined by the Court)[1] or an extension of time within which Plaintiffs have to file oppositions to the Re-Noticed Motions to Dismiss.

(Id. at 5:6-6:20 (citations omitted).)

Plaintiffs argue:

> [T]he privilege issues makes it impossible for Plaintiffs to address in their oppositions why the Court should deny each of the six re-noticed motions to dismiss. These opposition briefs are due on October 5, 2015. Plaintiffs seek an orderly method to alleviate the Court's burden and avoid multiple motions to dismiss on the previous iteration of the Complaint.
>
> Plaintiffs thus ask the Court to extend time for Plaintiffs to respond to Defendants' re-noticed Motions to Dismiss . . . .
>
> . . . [T]his is the most efficient and fair way to proceed for the Court and all parties. It will narrow the issues in contention before the Court and save substantial judicial resources that would otherwise be spent on issues that could be resolved through the filing of an amended complaint.

(Id. at 2:4-19.)

Defendants oppose Plaintiffs' ex parte request, rejoining: "Plaintiffs['] request . . . is an attempt to delay or derail this Court's consideration of the fully briefed Motions to

---

[1] On September 29, 2015, Plaintiffs submitted for in camera consideration a Request to Seal Documents, declaration in support thereof, proposed order, and an unredacted copy of Plaintiffs' proposed Second Amended Complaint, which is the document Plaintiffs seek to file under seal. Plaintiffs submitted these documents in connection with their ex parte application. However, in light of this order, decision on the sealing request is unnecessary.

3

Dismiss that are currently noticed for hearing on October 19, 2015." (Def. Chevron's Opp'n[2] 1:13-15, ECF No. 120.) Defendants further counter, *inter alia*:

> [W]hile it is true that Plaintiffs have repeatedly asked Defendants to "stipulate" to the filing of [a Second] Amended Complaint, for more than six weeks they refused to provide a copy of any proposed amendment. In fact, Plaintiffs refused even to explain how . . . they planned to cure the multiple, incurable deficiencies in the First Amended Complaint . . . .
>
> . . . In fact, even now, Plaintiffs do not claim that the proposed amended pleading cures all of the multiple deficiencies Defendants have identified.
>
> Similarly baseless is the notion that because the State Defendants . . . have notified all parties that Plaintiffs' proposed Second Amended Complaint contains attorney-client privileged communications, it is somehow "impossible for Plaintiffs to address in their oppositions why the Court should deny each of the six re-noticed motions to dismiss." Dkt. 116, Application at 2. First, Plaintiffs have already filed opposition briefs, and Plaintiffs offer no explanation why the transfer of this case from the Central to the Eastern District entitles them to file new opposition briefs when the motions to dismiss were fully briefed before the transfer order. The State's privilege claim with respect to the proposed Second Amended Complaint does not impact the already filed opposition briefs, over which the State has not asserted privilege. Second, Plaintiffs do not explain how allegations that are not contained in the operative pleading could be grounds to deny motions to dismiss the operative complaint, whether or not they are something Plaintiff would like to put in yet another Amended Complaint.

---

[2] Each Defendant has joined in Defendant Chevron U.S.A., Inc.'s Opposition. (See ECF Nos. 121-125.) Some of the Defendants make in their joinder notices additional arguments in opposition to Plaintiffs' ex parte application. (See, e.g., State Defs.' Opp'n 2:1-3, ECF No. 122.)

> In sum, Plaintiffs' Application is without merit and should be denied.

(Id. at 1:20-24, 2:23-3:15.)

The State Defendants additionally counter:

> Plaintiffs' asserted emergency basis for requesting ex parte relief is simply that no hearing date was available for th[eir] . . . request for leave [to amend] before the date of the hearing on [the pending dismissal motions]. Plaintiffs provide no explanation as to why it is necessary to hear th[eir] . . . request for leave to amend on an ex parte basis . . . .

(State Defs.' Opp'n 2:9-14, ECF No. 122.)

Defendant Kern County Planning Director Lorelei H. Oviatt "further opposes Plaintiffs' Ex Parte Application on the grounds that all of the requested relief therein would improperly subject [her] to additional, unwarranted litigation despite clear authority providing that [she] is immune from suit as a result of her absolute and qualified immunity." (Oviatt Not. Joinder 1:7-10, ECF No. 124 (citation omitted).) Oviatt argues:

> In briefing the presently-filed motion to dismiss the First Amended Complaint, Oviatt has already incurred the only permissible "burden of litigation" for an official who has immunity from suit for the alleged claims. See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 525-526 (1985) (immunity of public officials should be determined as quickly as possible to avoid undesirable consequences, including "the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."). For this additional reason, Plaintiff's Ex Parte Application should be denied and the currently-filed motions to dismiss should be heard as scheduled on October 19, 2015.

(Id. at 1:15-2:2.)

5

1   Plaintiffs have not shown sufficient justification for
2  the requested extensions. Therefore, Plaintiffs' ex parte
3  application is DENIED.
4  Dated:  October 1, 2015

```
_____
GARLAND E. BURRELL, JR.
Senior United States District Judge
```